IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE SUPERLATIVE GROUP, INC., )
)
              Plaintiff, )
)
v. )    Case No. 12-1468-JWL
)
WIHO, L.L.C., )
)
             Defendant. )
)
_____)

**MEMORANDUM AND ORDER**

This diversity action comes before the Court on defendant's motion for summary judgment (Doc. # 27). For the reasons set forth below, the Court **denies** the motion.

**I.    Background**[1]

Plaintiff The Superlative Group, Inc. entered into a contract with Sedgwick County, Kansas, by which plaintiff agreed to find lessees for suites in the County's new arena in exchange for commissions from the County. Defendant WIHO, L.L.C., who does business as a professional hockey team named the Wichita Thunder, became a tenant of the arena and began to play its games there. Between July 2008 and October 2009, plaintiff leased nine of the 17 available suites. As an express condition of the suite

---

[1]These facts are stipulated or are related in the light most favorable to plaintiff, the non-moving party, in accordance with the applicable summary judgment standards.

leases, lessees agreed to purchase at least 12 regular season suite tickets for Thunder games.

Plaintiff alleges that defendant promised and agreed that it would pay plaintiff a 20-percent commission on Thunder season tickets sold to lessees as a condition of a suite lease. Plaintiff asserts claims under Kansas law for breach of contract, promissory estoppel, and quantum meruit. On the first and third claims, plaintiff seeks damages in the amount of the alleged commissions owed by defendant to plaintiff for season ticket sales to suite lessees, in the alleged amount of $96,278.91. On its alternative promissory estoppel claim, plaintiff seeks to recover damages to compensate for the loss of commissions that it alleges it would have earned from the County if it had leased all the suites without the season ticket requirement, in the total amount of $210,000.00.

## II.    Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition

of the claim." *Id.*

### III. <u>Breach of Contract – Statute of Frauds</u>

Plaintiff alleges that defendant breached an oral contract between the parties by failing to pay commissions to plaintiff on season tickets sold to suite lessees. In seeking summary judgment on that claim, defendant asserts that the Kansas statute of frauds, K.S.A. § 33-106, bars enforcement of the alleged oral contract because it is an agreement that could not be performed within one year of its alleged making in January or February 2008. *See id.* In opposing summary judgment, plaintiff has not responded to defendant's argument that, even if plaintiff could have performed within one year by leasing all of the suites within that time, defendant could not have performed within a year by paying commissions that, by plaintiff's admission, were not due until defendant was paid annually over the term of the suite leases (which ran for terms of at least five years).

Nevertheless, the Court concludes that the statute of frauds does not bar plaintiff's contract claim at this stage. The relevant Restatement section provides as follows: "When one party to a contract has completed his performance, the one-year provision of the Statute [of Frauds] does not prevent enforcement of the promises of other parties." *See* Restatement (Second) of Contracts § 130(2); *see also Augusta Bank & Trust v. Broomfield*, 231 Kan. 52, 59 (1982) (citing comment to Restatement Section 130). The Kansas Supreme Court has applied that principal that "[f]ull performance of an alleged oral contract [by one party] relieves a cause of action thereon from the inhibitions of the

3

statute of frauds." *See McCabe v. Hiatt*, 201 Kan. 57, 62 (1968). In this case, the parties have stipulated that plaintiff leased its last suite for the arena in 2009, and defendant has not suggested that any aspect of performance by plaintiff remains lacking. Accordingly, viewing the facts in the light most favorable to plaintiff, the Court concludes that plaintiff has completed its performance of the alleged oral contract, and the statute of frauds therefore does not apply. Defendant's motion for summary judgment is denied with respect to this claim.

### IV. <u>**Promissory Estoppel**</u>

In the alternative to its contract claim, plaintiff asserts a claim for promissory estoppel, based on its allegation that it relied to its detriment on the promise by defendant's general manager that defendant would pay commissions to plaintiff on tickets sold as a part of suite leases. As a part of that claim, plaintiff alleges that defendant's promise induced it to require season ticket purchases as a condition of the suite leases, and plaintiff thus seeks to recover damages for the loss of commissions from the County on the unleased suites, on the theory that plaintiff would have leased those suites if defendant had not made the promise. To prevail on its claim of promissory estoppel, plaintiff must prove the following: "(1) [t]he promisor reasonably expected the promisee to act in reliance on the promise, (2) the promisee acted as could reasonably be expected in relying on the promise, and (3) a refusal of the court to enforce the promise would sanction the perpetration of fraud or result in other injustice." *See Mohr*

4

*v. State Bank of Stanley*, 244 Kan. 555, 574 (1989) (citing *Berryman v. Kmoch*, 221 Kan. 304, 307 (1977)).

In seeking summary judgment on this claim, defendant first argues that it made no promise concerning commissions on unleased suites. Defendant, however, confuses plaintiff's damage theory with plaintiff's substantive claim, which is based on a promise by defendant that it would pay commissions on tickets sold in connection with suites actually leased by plaintiff. Defendant concedes that a question of fact remains concerning whether it made that promise. Defendant also concedes that a question of fact remains concerning whether its general manager at least acted with apparent authority in making any such promise. Therefore, any dispute about the making of the promise at issue does not provide a basis for summary judgment.

Defendant next argues that plaintiff could not have reasonably relied on such a promise as a matter of law. The Court rejects this argument, as it concludes that plaintiff could reasonably have decided that the possibility of a 20-percent commission on the tickets would make up for the loss of a commission from the County on suites that it was unable to lease because of the additional requirement that lessees purchase season tickets. In its reply brief, defendant also argues that plaintiff could not have reasonably relied on the promise of a commission from defendant because a season-ticket-purchase condition is standard within the industry for arena suite leases; plaintiff could have recommended lower suite prices to the County to make up for the added difficulty of leasing suites with the ticket-purchase condition; plaintiff conceded it had never received

5

such a commission in its past work; and plaintiff conceded that it had not heard of such a high commission. As noted above, however, the Court must view the evidence in plaintiff's favor at this stage, and the reasonableness of plaintiff's actions presents a question of fact for trial. *See Bouton v. Byers*, __ Kan. App. 2d __, 2014 WL 983133, at *7 (Kan. Ct. App. Mar. 14, 2014) ("The reasonableness of a party's actions, including reliance on statements of another party, typically reflects a fact question reserved for the factfinder.") (citing, *inter alia*, *Schmidt v. Farm Credit Servs.*, 977 F.2d 511, 516 (10th Cir. 1992)).

Defendant makes the same arguments in arguing that plaintiff cannot satisfy the injustice element as a matter of law. Again, however, the Court concludes, viewing the evidence in the light most favorable to plaintiff, that a refusal to enforce this alleged promise could work an injustice upon plaintiff under all of the circumstances. It will require a full evaluation of the evidentiary record to enable the Court to make that decision.

Finally, defendant argues that plaintiff may not pursue these particular damages because they represent expectancy damages, which may not be recovered under a theory of promissory estoppel. The Court rejects this argument for multiple reasons. First, Section 90 of the Restatement, which Kansas courts consistently apply with respect to claims of promissory estoppel, *see Walker v. Ireton*, 221 Kan. 314, 322 (1977); *Bouton*, 2014 WL 983133, at *5, provides that "[t]he remedy granted for breach *may* be limited as justice requires." *See* Restatement (Second) of Contracts § 90 (emphasis added). A

6

comment to Section 90 notes that "[a] promise binding under this section is a contract, and full-scale enforcement by normal remedies is often appropriate." *See id.* cmt. d. Thus, Section 90 does not prohibit—but in fact allows for—recovery of expectancy or benefit-of-the-bargain damages for promissory estoppel (subject to limitation by the court as justice requires). Defendant relies on a case from this district, *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 340 F. Supp. 2d 1189 (D. Kan. 2004), but in that case (which is not binding on this court), the court merely concluded that expectancy damages could not be recovered under the particular facts before it. *See id.* at 1202-03. The court did not hold that expectancy damages could never be recovered for promissory estoppel; to the contrary, it noted that comment d. to the Restatement indicates that "relief other than restitution may sometimes be appropriate." *See id.* Thus, the Court does not accept defendant's premise that Kansas law never allows for a recovery of expectancy damages on a claim for promissory estoppel. *Cf. Bouton*, 2014 WL 983133, at *6 (if promisor's obligation is sufficiently definite, promisee may seek to rely on equity to recover damages equivalent to the promised performance).

Second, defendant misconstrues plaintiff's damage claim, as plaintiff does *not* seek expectancy damages as a part of this cause of action. In this case, commissions on the actual tickets sold to suite lessees would represent expectancy or benefit-of-the bargain damages. *See, e.g.*, *Source Direct, Inc. v. Mantell*, 19 Kan. App. 2d 399, 408 (1994) ("A party who seeks to recover his expectation interest in the contract is asking to be given the benefit of his bargain by being put in as good a position as he would have

7

been in had the contrct been performed."). Indeed, plaintiff seeks such damages on his contract and quantum meruit claims. Instead, in this claim, plaintiff seeks reliance damages—damages to compensate for the alleged loss of commissions from the County on unleased suites that resulted from plaintiff's decision to require ticket purchases as a condition for suite leases, which was made in reliance on defendant's promise to pay commissions on such ticket purchases. Just last month, the Kansas Court of Appeals reversed a summary judgment and held that a plaintiff could pursue similar lost-opportunity reliance damages under a promissory estoppel theory. *See Bouton*, 2014 WL 983133, at *7, 19. Accordingly, defendant is not entitled to summary judgment on plaintiff's promissory estoppel claim.

### V. **Quantum Meruit**

Plaintiff asserts a claim for quantum meruit, based on its allegations that it conferred a benefit upon defendant by selling the tickets as a part of the suite leases, and that it should be compensated by defendant for that benefit. The elements of a claim for quantum meruit or unjust enrichment under Kansas law are as follows: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *See Haz-Mat Response, Inc. v. Certified Waste Servs.*, 259 Kan. 166, 177 (1996) (quoting *J.W. Thompson Co. v. Welles Prods. Corp.*,

8

243 Kan. 503, 512 (1988)).

Defendant argues that it is entitled to summary judgment on this claim because any benefit was conferred not by plaintiff but by the County, because it was the County's decision to require that suite lessees purchase season tickets.[2] Whether or not the County imposed that requirement, however, plaintiff performed the work by finding lessees who purchased tickets; thus, if the evidence is viewed in its favor, plaintiff did confer a benefit on defendant. Similarly, the Court rejects defendant's argument based on testimony that in leasing the suites, plaintiff did not spend extra time specifically selling the tickets. Again, a question of fact remains whether plaintiff conferred a benefit on defendant by securing leases that required a ticket purchase from defendant. Finally, viewing the evidence in plaintiff's favor, the Court cannot say as a matter of law that plaintiff cannot show that equitable considerations make payment appropriate under these circumstances. Accordingly, defendant is not entitled to summary judgment on this claim.

---

[2]In its initial brief in support of summary judgment, defendant made this argument only with respect to plaintiff's quantum meruit claim. In its reply brief, defendant also referred to evidence of the County's decision in arguing that plaintiff could not show reasonable reliance in support of its promissory estoppel claim. Because defendant raised this argument as it relates to promissory estoppel for the first time in its reply brief, the Court has not addressed it. *See, e.g.*, *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 2008 WL 3077074, at *9 n.7 (D. Kan. Aug. 4, 2008) (court will not consider issues raised for first time in reply brief) (citing *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003)). Of course, defendant is not precluded from making such an argument at trial.

## VI. <u>Damages</u>

Defendant also argues that plaintiff's damage claims are too speculative as a matter of law. With respect to plaintiff's claim for lost commissions on ticket sales, defendant argues that plaintiff has improperly assumed a yearly cost increase for the tickets. With respect to plaintiff's claim for lost commissions from the County, defendant argues that plaintiff has improperly assumed that it would have leased all of the remaining suites and that it would have received the maximum commission for each suite. The Court agrees that plaintiff may not recover damages that prove too speculative, but it concludes that any such determination is best reserved for trial upon consideration of the entirety of the evidence. Accordingly, the Court denies defendant's motion for summary judgment on plaintiff's damage claims.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for summary judgment (Doc. # 27) is hereby **denied**.

IT IS SO ORDERED.

Dated this 9th day of April, 2014, in Kansas City, Kansas.

                                                s/ John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge